**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALDELMO LOPEZ,

Plaintiff,

v. Case No: 8:24-cv-1072-JSM-SPF

THE UNITED STATES,

Defendant.

---

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment (Dkt. 27). The Court, upon review of the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted because there is no evidence establishing the material element of causation, which is fatal to the negligence claims.

## BACKGROUND

On February 15, 2022, a vehicle that an employee of the United States Coast Guard was operating was involved in a collision with a vehicle that Plaintiff Aldelmo Lopez was operating. Plaintiff claims that the car accident caused him injuries.

On May 3, 2024, Plaintiff filed his Complaint alleging one count of negligence and one count of negligent entrustment—that Plaintiff had been involved in an accident with a vehicle that had been operated by an employee of the United States and that the accident

caused him some kind of undisclosed permanent injury. The claims are filed under the Federal Tort Claims Act ("FTCA") because they are filed against the United States.

The Court's Scheduling Order set the following relevant deadlines: September 8, 2025, for Plaintiff to disclose experts; October 13, 2025, for the United States to disclose its experts; and November 10, 2025, for Plaintiff to disclose any rebuttal experts. Also, the discovery deadline was March 9, 2026.

Now, the United States moves for summary judgment on Plaintiff's FTCA negligence claims based on Plaintiff's inability to prove causation. The United States argues that the absence of any disclosed causation evidence is fatal to Plaintiff's claim because causation is a critical element of a negligence claim and must be proven by medical testimony where, as here, the claimed injury is not readily observable.

**<u>SUMMARY JUDGMENT STANDARD OF REVIEW</u>**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

**DISCUSSION**

Under the FTCA, a person can sue the United States for injuries caused by a federal employee's negligence. *See* 28 U.S.C. § 1346(b)(1). Florida law applies here because the FTCA applies when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* Under Florida law, Plaintiff bears the burden of proving the four familiar elements of negligence—duty, breach, causation, and damages. *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014); *accord Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 573 (Fla. 2001).

Also, under Florida law, "non-readily observable injuries require expert medical evidence to prove causation." *Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1338 (11th Cir. 2023); *accord Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992) ("Lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." (cleaned up)); *cf. also Cordoba v.*

*Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[s]peculation does not create a *genuine* issue of fact"); *see also Rementer v. United States*, 2017 WL 1095054, at *18 (M.D. Fla. Mar. 21, 2017) ("A plaintiff's back pain and other soft tissue injuries are not 'readily observable' medical conditions.").

The United States argues Plaintiff has no evidence that the subject accident caused his injuries. The United States points out that Plaintiff never disclosed any experts, which dooms the FTCA claims because the alleged injuries (based on references in some medical records)—a bulge at L3-L4, and herniations at L4-L5 and L5-S1 in the lumbar spine—require proof of causation because they are not readily observable conditions.

Plaintiff's response does not create a genuine issue for trial. Plaintiff argues his treating physicians will testify about causation, but it is undisputed that they were not disclosed as experts in this case. Numerous opinions from this district underscore that "[w]ith no expert testimony, [a] plaintiff cannot raise a genuine issue on the causation of the injuries to get past summary judgment." *Greene v. United States*, No. 6:23-CV-1144-RBD-LHP, 2024 WL 6957588, at *1 (M.D. Fla. Nov. 21, 2024); *see also Rementer* 2017 WL 1095054, at *18 ("In the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable."); *Schaal v. United States*, No. 8:22-cv-91, 2023 WL 8234587, at *3 (M.D. Fla. Nov. 28, 2023) (granting summary judgment in favor of defendant where plaintiff failed to timely disclose expert on non-readily observable injuries).

Notably, Federal Rule of Civil Procedure 26(a)(2)(C) provides Plaintiff no relief. Rule 26(a)(2)(C) states that certain expert witnesses, like treating physicians, are not

required to write a report, but in lieu of a report, the disclosure of the expert witness must state (1) the subject matter on which the expert is expected to present evidence under and (2) a summary of facts and opinions to which the witness is expected to testify. Plaintiff cannot rely on Fed. R. Civ. P. 26(a)(2)(C) because Plaintiff chose not to disclose anything, not even under Rule 26(a)(2)(c).

Moreover, Plaintiff's response is insufficient to create an issue of fact because the only discussion of causation is counsel's conclusory description of the treating physicians' anticipated testimony. Counsel's summary of the evidence is not admissible and does not satisfy the clear, simple requirements of Rule 26(a)(2)(C), especially almost one year after the disclosure deadline. *See Morris v. United States*, 2025 WL 2816768, at *2 (N.D. Fla. July 11, 2025) ("Morris says she has served new-and-improved expert disclosures, and she attaches copies to her response. But the disclosures—assuming they were otherwise sufficient under Rule 26(a)(2)(c)—are merely counsel's summaries of the nonretained experts' expected testimony. They are not summary-judgment evidence.") (citing *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022) ("Unsworn statements may not be considered by a district court in evaluating a motion for summary judgment.")).

In sum, under Florida law, latent injuries like Plaintiff's injuries in this case require expert medical evidence to prove causation. Plaintiff offers no such evidence. Under these circumstances, the United States is entitled to summary judgment.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (Dkt. 27) is granted.

2. The Clerk of Court is directed to enter Final Judgment in favor of Defendant and against Plaintiff.
3. The Clerk of Court is further directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this August 19, 2026.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record