**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALDELMO LOPEZ,

Plaintiff,

v. Case No.: 8:24-cv-1072-JSM-SPF

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Having lost their case, Plaintiff now files a motion to alter the judgment or, in the alternative, for the court to relieve Plaintiff of the judgment. This Court previously granted Defendant's motion for summary judgment because Plaintiff did not disclose experts pursuant to Fed. R. Civ. P. 26(a)(2)(C) to prove causation of injuries. Plaintiff did not produce anything, despite an agreed upon deadline, production from the United States, and a reminder from the United States. Similar to Plaintiff's summary judgment response, the gravamen of Plaintiff's instant motion is another attempt to argue that they did not have to disclose experts. Plaintiff's motion should be denied because Plaintiff does not present any manifest legal or factual errors, nor any newly discovered evidence or arguments that could not have previously been presented or argued. Plaintiff fails to meet the requirements for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.

## I. RELEVANT PROCEDURAL HISTORY

On May 3, 2024, Plaintiff filed his Complaint alleging one count of negligence and one count of negligent entrustment Doc. 1. Plaintiff did not participate in the discovery process beyond the initial disclosures. Discovery closed on March 9, 2026 without Plaintiff turning over any expert disclosures; despite a deadline and a follow up e-mail from the United States; or even asking for an extension to do so.

The United States moved for summary judgment based on Plaintiff's failure to disclose any experts during discovery under either prong of Rule 26(a)(2). Doc. 27. Plaintiff did not move the court to extend the discovery deadlines. Plaintiff, instead, responded to a nearly one year old discovery request by dumping medical records—some of which encompass periods of time subsequent to the time of a subpoena from the United Stated States—on the eve that Plaintiff's response to the United States' motion was due. The nearly one-year late document dump did not include any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert disclosures. Plaintiff responded to the United States' motion. Doc. 28. The United States replied, highlighting that Plaintiff had not moved for an extension, and that Plaintiff had not disclosed any experts under Rule 26(a)(2)(C). Doc. 30. On August 19, 2026, the Court granted summary judgment in favor of the United States, finding that Plaintiff had failed to disclose any experts as required under Rule 26(a)(2)(C). Doc. 31.

Plaintiff filed a Motion to Alter or Amend on September 10, 2026. Doc. 34. Plaintiff's motion is an attempt to relitigate old matters. Plaintiff ultimately seeks for the case to be reopened and for the Court to extend the discovery deadlines. *Id*. at 19.

## MEMORANDUM OF LAW

Under Rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023). In addition, "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* at 1250. A court's decision to grant or deny relief under Rule 59(e) is reviewed for abuse of discretion. *Id.* at 1251.

## ARGUMENT

The gravamen of the instant motion is a rehash of the arguments Plaintiff made in his summary judgment response (Doc. 28). Plaintiff again essentially argues that he did not have to disclose treating doctors as experts and that if Plaintiff did violate Rule 26(a)(2), he should have been permitted to use treating physicians as experts because his failure was "substantially justified or harmless." *See* Doc. 34 at 11–17. For the reasons already stated in Defendant's summary judgment motion (Doc. 27), reply to Plaintiff's opposition (Doc. 30), and the Court's order granting summary judgment (Doc. 31), Plaintiff is wrong. Without any real new arguments,

Plaintiff's motion is an impermissible attempt to relitigate an old matter, one that has already been litigated prior to the Court's entry of judgment in favor of the United States. *See* Rule 59; *In re Kellogg,* 197 F.3d 116, 1119 (11th Cir. 1999).

## II. THE COURT DID NOT COMMIT LEGAL ERROR BY REQUIRING THE PLAINTIF TO SATISFY RULE 26(a)(2) AND PRODUCE EXPERT DISCLOSURES

The Motion is due to be denied on the merits. The crux of Plaintiff's argument is still based on a misunderstanding of *Cedant*. The *Cedant* holding is based on a Judge's exclusion of expert disclosures that the plaintiff in *Cedant* actually disclosed. Plaintiff, in this case did not participate in discovery beyond initial disclosures and as Plaintiff admits, did not provide any Rule 26(a)(2)(C) disclosures in this case. Doc. 34 at 4, 8, 16, 19 (acknowledging that Plaintiff would still need to actually provide the Rule 26(a)(2)(C) disclosures). The Court did not exclude anything because there was nothing to exclude. The Court correctly found that Plaintiff failed to produce expert disclosures that complied with Rule 26(a)(2)(C). *See* Doc. 31 at 5-6. This was not error.

Plaintiff's response to the United States' Summary Judgment was based in part on a misunderstanding of *Cedant v. United States*, 75 F.4th 1314 (11th Cir. 2023) (Doc. 28 at 15–18), which the United States pointed out in its reply (Doc. 30 at 5–6). Plaintiff has premised his argument in this case on not being able to distinguish the difference between his case and *Cedant*. The plaintiff in *Cedant* provided expert disclosures. Plaintiff, in this case, did not. *Cedant* does not waive the expert

disclosure entirely for treating physicians. The Eleventh Circuit remanded the case back to the district court to evaluate the Plaintiff's disclosures under Rule 26(a)(2)(C). *Cedant*, 75 F.4th 1314 (11th Cir. 2023). Plaintiff continues to have the same misunderstanding of *Cedant* in this motion. *See* Doc. 34 at 3, 9, 11, 18. There are no expert disclosures in this case because Plaintiff failed to turn any over.

Plaintiff repeats this same mistake when he cites *Izquierdo v. Certain Underwriters at Lloyd's London*, 2021 WL 3197008, at *4 (11th Cir. July 29, 2021). (Doc. 34 at 11, 17). In *Izquierdo,* similar to *Cedant*, the Eleventh Circuit remanded the case back to district court because the district court did not review Izquierdo's disclosures under the more lenient standard of Rule 26(a)(2)(C). *Id*. *Izquierdo* is materially different from this case, where Plaintiff did not disclose anything.

Plaintiff's instant motion also misunderstands the Court's order granting Summary Judgment. Plaintiff ignores pages 4–5 of the Court's order. The Court cannot exclude what Plaintiff did not disclose. The Court evaluated Plaintiff's lack of disclosures under Rule 26(a)(2)(C). The Court wrote:

> Notably, Federal Rule of Civil Procedure 26(a)(2)(C) provides Plaintiff no relief. Rule 26(a)(2)(C) states that certain expert witnesses, like treating physicians, are not required to write a report, but in lieu of a report, the disclosure of the expert witness must state (1) the subject matter on which the expert is expected to present evidence under and (2) a summary of facts and opinions to which the witness is expected to testify. Plaintiff cannot rely on Fed. R. Civ. P. 26(a)(2)(C) because Plaintiff chose not to disclose anything, not even under Rule 26(a)(2)(c).

Doc. 31 at 4-5. The Court's decision is consistent with what other courts have done in this district when a Plaintiff simply fails to provide expert disclosures. *Greene v.*

*United States*, Case No. 6:23-cv-1144-RBD-LHP, (M.D. Fla. November 21, 2024) (Dalton, J) (Doc. 36) *Schaal v. United States,* 8:22-CV-91-TPB-UAM, 2023 WL 8234587, at *2 (M.D. Fla. Nov. 28, 2023) (Barber, J.). *See also See Kreitner v. United States*, 8:22-cv-553-SPF (M.D. Fla. September 1, 2023) (Flynn, M.J.) (Doc. 64); *Oszcypala v. United States*, 8:22-cv-2653-MSS-TGW (M.D. Fla. December 30, 2024) (Scriven, J) (Doc. 66).

Because the Court correctly found that, at the time of the Summary Judgment Order, the Plaintiff had never disclosed an expert opinion on causation (*see* Doc. 31 at 5-6), the Plaintiff has not shown that the Court committed manifest legal or factual error in its Summary Judgment Order. The plaintiff, therefore, has not satisfied the requirements for obtaining reconsideration under Rule 59(e).

## III. <u>PLAINTIFF DID NOT PROVIDE ANY EXPERT DISCLOSURES</u>

Plaintiff next argues that the Court failed to consider whether his failure to provide expert disclosures was substantially justified or harmless. This is not a new argument that was unavailable to Plaintiff at the time of the filing of his opposition motion. Plaintiff's argument is incorrect. Plaintiff did not disclose anything.

As an initial matter Plaintiff did not disclose, and Plaintiff admits that he did not disclose any expert reports as required by Fed. R. Civ. 26(a)(2)(B) or 26(a)(2)(C). DOC. 34 at 4, 8, 16, 19. Plaintiff also did not move to extend of any of the deadlines so that Plaintiff could disclose late experts. As the United States pointed out in its reply, the United States cannot move to exclude what Plaintiff did not turn over. Doc. 30 at 4–5. The Court also cannot exclude what Plaintiff did not turn over.

Plaintiff's lack of disclosure of expert witnesses is the fatally distinguishing difference between Plaintiff's case and the cases that Plaintiff cites in support of his motion.

Plaintiff first cites *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1349–50 (11th Cir. 2008). Doc. 34 at 8–9. This case is distinguishable because in *OFS Fitel*, *LLC* there was constant communication between the parties and participation by both parties during discovery. *Id*. at 1349. The parties requested and the Court approved an extension of the discovery deadline. *Id*. The Plaintiff, OFS, Fitel, produced an expert report three days after the close of discovery, which was partially due to the result of the coordination of the expert report and deposition scheduling issues. *Id*. 49-50. That is materially different than this case, where Plaintiff failed to provide an expert disclosure, and responded to discovery requests nearly one year after the due date, and only responded on the eve that the response to the motion for summary judgment was due. Plaintiff's document dump and response to the summary judgment motion did not include expert disclosures.

Plaintiff's case also does not compare favorably with *Romero v. Drummond Co.*, 552 F.3d 1303, (11th Cir. 2008). *See* Doc. 34 at 10. *Romero* is also a case where the parties agreed and the Court allowed an extension of the discovery deadline. *Romero* 552 F.3d at 1310. The *Romero* Plaintiffs also timely submitted expert disclosures. *Id*. The Rule 37(c) discussion in *Romero* revolved around supplemental expert reports that were disclosed out of time. *Id*. at 1323. Ultimately, *Romero* provides no relief

because the Plaintiffs in *Ronero* disclosed experts for a court to analyze; in this case Plaintiff did not.

Plaintiff's citation to *Nogara v. Lynn Law Office, P.C.*, No 23-14135 at 4-5 (11th Cir. Oct. 10, 2024) (Attachment A) is also not favorable to his case. The case, however, is highly favorable to the United States and supports the Court's order. Similar to *OFS Fitel LLC* and *Romero*, this case involved an extension of the discovery deadlines. Attachment A at 5. The defense lawyers in that case disclosed their expert witnesses, qualifications, and included a summary of the opinion on the day the disclosures were due. *Id*. The defense lawyers forgot to attach the signed reports with the disclosures and did so once alerted to the issue by *Nogara* filing a motion to exclude, which occurred before the close of discovery. *Id*. That is materially different than the situation in this case, where Plaintiff's sole discovery responses came after all the deadlines had passed, and the document dump did not actually include any expert disclosures.

*Nogara v. Lynn Law Office, P.C.*, No 23-14135 (11th Cir. Oct. 10, 2024), however, is highly favorable to the United States and will support the Eleventh Circuit affirming of the Court's order granting summary judgment. The Eleventh Circuit affirmed the district court granting summary judgment against *Nogara* because *Nogara* failed to disclose expert witnesses. Attachment A at 6-7.

At the district court level, the defendants, *Lynn Law Office, P.C.*, moved for summary judgment in a legal malpractice case based on the Plaintiff not having any

expert testimony and not disclosing any experts under Fed. R. Civ. P. 26 (a). *Nogara v. Lynn Law Office, P.C.*, Case No. 1:22-cv-32142-AHS, Doc. 62 at 12 (Attachment B). The district court granted summary judgment on those grounds. *Nogara v. Lynn Law Office, P.C.*, Case No. 1:22-cv-32142-AHS (S.D. Fla. November 21, 2023) (Singhal, J) Doc. 81 (Attachment C) at 4. The district court did not conduct a Rule 37(c) analysis on experts that the Plaintiff failed to disclose. The Eleventh Circuit affirmed the district court's grant of summary judgment. *Nogara v. Lynn Law Office, P.C.*, No 23-14135, at 6-7 (11th Cir. Oct. 10, 2024) (Attachment A). The Eleventh Circuit decision also does not conduct a 37(c) analysis because similar to this case, *Nogara* did not disclose anything and there was nothing to exclude.

## IV. OTHER COURTS IN THIS DISTRICT HAVE DENIED SIMILAR MOTIONS

Two other courts in this district have denied motions similar to Plaintiff's. In *Kreitner* and *Oscyaplaza* and, district court judges granted motions for summary judgment where the Plaintiff failed to provide expert witness disclosures. *See Kreitner v. United States*, 8:22-cv-553-SPF (M.D. Fla. September 1, 2023) (Flynn, J) (Doc. 64); *Oszcypala v. United States*, 8:22-cv-2653-MSS-TGW (M.D. Fla. December 30, 2024) (Scriven, J) (Doc. 66).

The court in both cases subsequently denied motions to alter the summary judgment order pursuant to Fed. R. Civ. P. 59(e). *Kreitner v. United States*, 8:22-cv-553-SPF (M.D. Fla. September 1, 2023) (Flynn, J) (Doc. 72) (Attachment D); *Oszcypala v. United States*, 8:22-cv-2653-MSS-TGW (M.D. Fla. December 30, 2024)

(Scriven, J) (Doc. 75) (Attachment E). In both cases, the judges found that the motions were merely attempts to relitigate old matters and that summary judgment was proper in both cases because both respective Plaintiffs failed to disclose experts. Plaintiff's motion in this case is no different, he is ultimately requesting to alter the judgment because Plaintiff failed to participate in discovery, and failed to provide expert disclosures during discovery—even with the benefit of a reminder after the deadline. Plaintiff's motion is due to be denied as were the motions in *Kreitner* and *Oszcypala*.

## CONCLUSION

Plaintiff's motion does not present any new evidence or legal theories that were unavailable at the time of his response. It does not present any manifest or legal or factual errors. The motion is simply an attempt to relitigate old matters. Similar arguments have been rejected twice in the past three years by two different judges in the Middle District of Florida. As the Courts did in *Kreitner,* and *Oszcypala,* this Court should deny Plaintiff's motion to alter or amend judgment.

**GREGORY W. KEHOKE**
United States Attorney

By: *Charlie D. Connally*
**Charlie D. Connally**
Assistant United States Attorney
Fla. Bar No. 98475
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: 813-274-6000
E-Mail: Charlie.Connally@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Hicks, Esq.

*/s/ Charlie D. Connally*
Charlie D. Connally
Assistant United States Attorney
Florida Bar No. 98475
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Charlie.Connally@usdoj.gov